## NILES & HOLDRIDGE vs. GRISWOLD.

### TAXATION AND COSTS.

Where Defendant pleads his discharge in bankruptcy, he is entitled to have taxed in his bill of costs against the Plaintiff, the charge for *exemplified copy of his bankrupt proceedings*, where they were obtained for the purpose of pleading; a charge for copy judgment record in such a case is not taxable unless actually used.

*Brief* for trial, and *copies*, are taxable where *issue has been joined* in the cause, although not tried nor noticed for trial.

A charge for draft and copies *rejoinder*, is not taxable where the replication concludes to the country with the addition of "&c.," the rejoinder in such a case, is a mere *similiter* and not necessary.

*February Special Term*, 1847. *Motion by Plaintiffs for retaxation of Defendant's bill of costs on judgment of discontinuance.*—It appeared that issue was joined in this cause, but it had never been tried or noticed for trial.

Defendant's bill of costs was taxed by Darius Peck, Esq., of Hudson, Columbia county, on the 2nd of January, 1847.

Plaintiffs' counsel objected to the following items which were overruled by the taxing officer and allowed.

> 1st. Paid clerk for exemplified copy judgment record,    $00.78
>
> 2d. Paid for exemplified copy of bankrupt proceedings of Deft.  .  .  .  .  .  .  .   9.20
>
> 4th. Draft. 6 rejoinders $9, 3 copies of each 13.50 $22.50
> Deducted by taxing officer, Dr. and copies 5
> rejoinders,  .  .  .  .  .  .   18.75   3.75
>
> 5th. Brief for trial and copies,  .  .  .  .   3.00

Plaintiffs' counsel objected to the taxation of the 1st and 2d items upon the ground that they were not taxable, not having been used, nor having in any way become necessary as instruments of evidence.

Defendant's attorney made an affidavit which was used before the taxing officer, and on the motion, stating that the sum of $9.98 was paid for copies of the documents mentioned in charges No. 1 and 2, and were actually and necessarily obtained for use.

Defendant's counsel insisted that these documents were necessary in order to draw the pleas in the cause, the Defendant having pleaded his discharge in bankruptcy.

Plaintiffs' counsel objected to the draft and copies rejoinders marked No. 4, on the ground that they were wholly unnecessary and improper, being mere similiters, which were not necessary to be prepared, filed, or served; the issue having been sufficiently joined by the replications, and especially by the addition of "&c." at the end of the replications re-

spectively. Brief for trial and copies marked No. 5, were objected to on the ground that the cause never having been tried, nor noticed for trial, the charge was improper.

H. HOGEBOOM, *Plffs Counsel.*          C. B. DUTCHER, *Plffs Atty.*

J. C. NEWKIRK, *Defts Counsel.*          J. C. NEWKIRK, *Defts Atty.*

BEARDSLEY, Justice—Disallowed the charge of 78 cents for exemplified copy of judgment record, on the ground that there was no affidavit to show that it was necessary to use it; and that it did not appear from the pleas that it was necessary to have a copy to draw them by.

The charge for exemplified copy of bankrupt proceedings, $9,20, was allowed, on the ground, that the Defendant having pleaded his discharge in bankruptcy, it was necessary to set out the proceedings in pleading.

The charge of $3.75 for draft and copies rejoinders, were disallowed, on the ground that the issue was sufficiently joined by the replications concluding to the country, with the addition of " &c."

The charge of $3, for brief for trial and copies were allowed, on the ground that *issue had been joined,* and the party had a right to prepare his brief.